Henry Dirlam vs. Peter Wenger.

---

### HENRY DIRLAM vs. PETER WENGER.

1. A transcript of a judgment against a defendant, as garnishee, must show the defendant's answer to the interrogatories; otherwise it can afford no evidence whether the defendant's indebtedness to the assignor of the plaintiff, was on account of the note sued on or not.

Dirlam vs. Wenger.

## APPEAL from St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

Peter Wenger, the plaintiff in this cause, sued the defendant before a justice of the peace for St. Louis county on a promissory note made by the defendant in favor of one John Scheiffleni, and by him assigned to the plaintiff. A judgment was given by the justice for the plaintiff for the full amount of the note and the defendant appealed to the St, Louis court of common pleas, whereupon a trial anew before the court sitting as a jury, the judgment of the justice was affirmed and the defendant after a motion for a new trial being overruled, brought his case by appeal into this court.

On the trial in the court of common pleas the plaintiff read in evidence the note and the assignment to him by Scheiffleni, the payee, and closed his case. The defendant then read in evidence two transcripts from the docket of Frederick Kretschmar, a justice of the peace for St. Louis county, from which it appears that two judgments had been recovered against him 'on the 16th day of January, 1849, one for $45 and costs and the other for $30 and costs, in suits brought against him by one George Stuch, as the garnishee of said Scheiffleni. The transcripts show that these judgments were rendered against the defendant on his answers admitting indebtedness to Scheiffleni at that time, neither the answers, or copies of them were produced, though stated in the transcripts as being on file in the office of the justice. The defendant claimed that the amount of these two judgments, which he proved he had paid, should be deducted from the note sued upon as part judgment thereof.

The plaintiff then called witnesses to prove that the note had been assigned to him by Scheiffleni shortly after its date and long before the service upon the defendant of the garnisheement writ and that the defendant at the time was aware of this transfer.

It was also shown that at the time Wenger bought the note of Scheiffleni, the defendant pretended to have a defence to it and had published in a German newspaper a notice cautioning all persons against buying the note, but that the plaintiff at the time informed the defendant that he would buy the note of Scheiffleni, notwithstanding the defence claimed by the defendant as existing against it.

## BLENNERHASSETT & SIMMONS, for Appellee.

I. Only two questions were submitted to the court below ; 1st, whether the note in question had been assigned before the defendant was garnisheed; 2nd, whether the proof sustained the plea of part payment, which would entitle the defendant to have judgment go against him for the amount of the note sued on, less the sum paid by him on the judgments, rendered against him as the garnishee of Scheiffleni. Both issues were found against the defendant, and the verdict of the court will not be set aside, even though the evidence to sustain it be but slight. Watts vs. Douglass, 10 Mo. Rep. p. 676. ,

II. The documentary evidence produced by the defendant does not prove any payment to Stuch, the plaintiff, in the garnishment suits, which ought to be applied to reduce the amount of the note sued upon.

It is an imperfect record of these suits, and it does not appear that the defendant in his answers admitted indebtedness to Scheiffleni, on account of this note. The answers being on file in the office of the justice were the only competent evidence to prove the fact. The omission of the defendant to produce them, coupled with the fact that he knew of the assignment of this note to Wenger raises a reasonable presumption, that when he was garnisheed he was indebted to Scheiffleni on other accounts besides this note.

III. The verdict of the court sitting as a jury in this case will not be set aside, there not

---

Glascock and others vs. Rand.

---

having been any instructions given or asked for by the parties, which would seperate the law from the facts in the case, and call the attention of the court to the points to be decided. Taylor vs. Russell, 8 Mo. Rep. p. 701. Von Phul vs. the city of St. Louis, and Young vs. Kelly, 9 Mo. Rep. pages 49 and 50.

RYLAND, J., delivered the opinion of the court.

From the above statement as well as from the bill of exceptions taken in the case below, it appears that the only matter of defence to this action was the payment by the defendant below, of a part of the debt, by being garnisheed as a debtor to the original payee of the note, the assignor of the plaintiff below : two judgments were rendered against the defendant as garnishee, upon his answers filed to the interrogatories. The plaintiff, that is the assignee, showed by evidence the assignment to him, long before the garnishment process commenced ; also, evidence conducing to show a knowledge of such assignment, by the defendant, previous to his being garnisheed.

The facts were submitted to the court without a jury, and without instructions. The court found for the plaintiff. A motion was made for a new trial ; overruled, excepted to, and the defendant brings the case here by appeal.

In looking into the evidence produced by the defendant, I find that the two transcripts of the judgments obtained against the defendant as garnishee, before the justice of the peace, do not contain a copy of the defendant's answer in these cases ; so that these transcripts afforded no evidence for the court below to ascertain whether the defendant's indebtedness to the assignor of the plaintiff was on account of the note sued on in this action or not. The court therefore very properly found for the plaintiff.

Its judgment is affirmed.